OPINION
On October 25, 2000, Ohio State Highway Patrol Trooper Justin Hurlbert responded to a one vehicle accident. Driver of the vehicle was appellant, Colleen Gillespie. Upon investigation, Trooper Hurlbert cited appellant with driving under the influence in violation of R.C.4511.19(A)(1), failure to control in violation of R.C. 4511.202 and a seat belt violation in violation of R.C. 4513.263(B)(1).
An administrative license suspension hearing was held on January 21, 2001. Immediately after the hearing, defense counsel made an oral demand for a jury trial/continuance. The trial court denied the request and proceeded to conduct a bench trial. By journal entry filed January 22, 2001, the trial court found appellant guilty as charged and sentenced her to one hundred-eighty days in jail, one hundred sixty-five days suspended.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HER BY BOTH THE UNITED STATES AND THE OHIO CONSTITUTIONS, WHEN TRIAL COUNSEL FAILED TO REQUEST A JURY TRIAL.
 I
Appellant claims she was denied the effective assistance of trial counsel. Specifically, appellant claims her trial counsel was deficient in failing to timely file for a jury trial, and said failure substantially prejudiced the outcome of the case. We disagree.
The standard this issue must be measured against is set out in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
The oral demand for a jury trial was made on the very day of the scheduled trial date, January 21, 2001, which had been set by entry filed December 18, 2000. The offenses were committed on October 25, 2000. Crim.R. 32(A) provides for the right to a jury trial only in serious offenses:
 In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.
The offenses charged herein are "petty" offenses (penalty of six months incarceration or less). See, R.C. 4511.99(A)(1) and (I) and R.C. 4513.99. Therefore, the right to a jury trial was not mandatory, but was available on demand. The demand did not conform with any of the provisions of Crim.R. 23(A) ("in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later"). On the record, defense counsel set forth the following reasons for the late request:
 Your Honor, we indicated earlier off the record, I don't know whether it got on the old record or not, but we would request a jury trial in this matter. Request a continuance on the court trial set for today. Would indicate to the Court that prior dealings with this Court, the Court has been very reasonable in granting reasonable continuances to secure facts.
 As I indicated to the Court and the Prosecutor when we initially came up here today, our purpose was to have the administrative license suspension. The Court is still pending ruling on that. Certainly this was set also at this time for a court trial. As I indicated to the Court it was our intention to assess the necessity for a jury on the basis of the result of the administrative license suspension.
 So we would indicate to the Court that we would request a reasonable, either the right to file a jury trial. Actually we are not asking that. What we are asking for is a reasonable continuance in this matter, court trial.
Bench Trial T. at 3-4.
Defense counsel admitted there was "absolutely no question whatsoever" that he received notice of the scheduled trial date. Id. at 4. We note this court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio St.3d 380, 388. Apart from defense counsel's questionable trial strategy, we might presumably find a deficiency in not conforming the demand for a jury trial to Crim.R. 23. However, we find the record does not demonstrate that the lack of a jury trial prejudiced the outcome or would have created any substantial difference in the outcome.
Trooper Hurlbert testified he smelled a strong odor of alcohol coming from appellant's breath, her speech was "very slow and slurred" and her eyes were "glassy and bloodshot." Bench Trial T. at 10. Trooper Hurlbert explained the evidence at the scene which prompted him to conclude appellant had lost control of her vehicle. Id. at 13. Trooper Kenneth Featherling, who spoke with appellant at the hospital, substantiated Trooper Hurlbert's description of appellant's condition. Id. at 18-19.
The sole assignment of error is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Morrow County, Ohio is affirmed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.